# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ABRAHAM GRANT**                                                                       **PLAINTIFF**
**ADC #128147**

v.                      **Case No. 4:20-cv-01249-KGB**

**STATE OF ARKANSAS,** *et al.*                                            **DEFENDANTS**

## ORDER

Plaintiff Abraham Grant, incarcerated at the Varner Unit of the Arkansas Department of Correction, filed a *pro se* complaint on October 14, 2020, against the State of Arkansas, Circuit Judges Richard L. Proctor and Jodi Raines Dennis, and Arkansas Supreme Court Chief Justice John Dan Kemp (Dkt. No. 2). Mr. Grant alleges that he was unlawfully convicted in 2003 based on perjured testimony and that his petition to correct illegal sentence was wrongfully denied (*Id.*) Mr. Grant's motion to proceed *in forma pauperis* is before the Court (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on October 14, 2020, Mr. Grant filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Grant/Rakim v. Bland*, 5:18cv00171-DPM (E.D. Ark.); *Grant/Rakim v. Hobbs*, 5:12cv00244-KGB (E.D. Ark.); and *Grant/Rakim v. Proctor, et al.*, 2:12cv00133-SWW (E.D. Ark.).

Nevertheless, Mr. Grant may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers

should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Grant claims that Officer David Lovell gave perjured testimony regarding a dying declaration by a Ms. Pittman (Dkt. No. 2 at 2). According to Mr. Grant, that testimony was admitted into evidence at a 2003 state-court jury trial; Mr. Grant was convicted and sentenced to life without parole (*Id*. at 4). Mr. Grant believes that he was unlawfully convicted based on the perjured testimony (*Id*. at 2-3). Mr. Grant challenges the denial of his petition to correct an illegal sentence, including his unsuccessful appeal of the Lincoln County, Arkansas, decision finding the petition untimely (*Id*. at 3-7.)

Based on the allegations in Mr. Grant's complaint, he was not in imminent danger at the time he filed his complaint. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. This case will be dismissed due to Mr. Grant's failure to pay the filing fee. Mr. Grant will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Mr. Grant's motion to proceed *in forma pauperis* is denied (Dkt. No. 1).

2. Mr. Grant's complaint is dismissed without prejudice.

3. Mr. Grant has thirty (30) days from the date of this order in which to reopen this case by paying the $402 filing fee in full.

4.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 4th day of December, 2020.

                                                                                                             _____
                                                                                                             Kristine G. Baker
                                                                                                             United States District Judge